

Samuel J. Rubin
+1 212 813 8852
SRubin@goodwinlaw.com

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018

goodwinlaw.com
+1 212 813 8800

November 20, 2020

**VIA ECF & E-MAIL**

Hon. Andrew L. Carter, Jr.
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    Kirk v. Citigroup Global Markets Holdings Inc., 1:20-cv-07619 (S.D.N.Y.)

Dear Judge Carter:

    We write on behalf of Defendant Citigroup Global Markets Holdings Inc. ("CGMHI") to correct Plaintiff's November 17, 2020 (ECF No. 17) statement that CGMHI, or its counsel, has made any misrepresentation to this Court. The statements refer to quotes from a decision of this Court and filings Plaintiff made in an action he previously filed in the Middle District of Florida.

    Moreover, Plaintiff's arguments about his failure to serve process in Florida, further undermine his proposed motion. CGMHI is not a citizen of Florida; it is a citizen of New York where it is incorporated and maintains its principal place of business. 28 U.S.C. § 1332(c)(1). CGMHI is not "at home" in Florida; nor does the Complaint allege "conduct-linked" to Florida. *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014); *see also* Compl. § III (alleging the "place(s) of occurrence" is the "New York Stock Exchange").

    Accordingly, CGMHI has service of process, venue, and personal jurisdiction defenses pursuant to Federal Rules of Civil Procedure 12(b)(2)-(5) in Florida that further compel denial of Plaintiff's proposed motion. *See* 28 U.S.C. § 1404(a) (authorizing transfer to a district in which the action "might have been brought"); *Lihuam Wang v. Phoenix Satellite Tel. US, Inc.*, No. 13-cv-218 (PKC), 2014 WL 116220, at *2 (S.D.N.Y. Jan. 13, 2014) (holding the "might have been brought" language in Section 1404 means a jurisdiction where "the defendants would have been amenable to personal jurisdiction in the transferee forum when the action was initiated.").

Respectfully submitted,

/s/ Samuel J. Rubin

Samuel J. Rubin

CC: David Kirk (*via* ECF and e-mail)