David Kirk
873 Southern Creek Drive
Saint Johns, FL 32259
(904) 806-6937

April 12, 2021

**VIA ECF & E-MAIL**

Hon. Andrew L. Carter, Jr.
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: Kirk v. Citigroup Global Markets Holdings Inc., 1:20-cv-07619 (S.D.N.Y.)

Dear Judge Carter,

    Plaintiff writes pursuant to the Court's Individual Practices to request a pre-motion conference in advance of plaintiff's anticipated motion for Court Appointed Attorney. Plaintiff filed Doc 33 standard court form requesting appointment of Pro Bono Attorney expounding in part 2 for the need for an attorney and in part 3 about the four attorneys/firms that rejected the case.  After filing Doc 34 IFP Application, plaintiff chose not to have to solely rely on meeting the financial requirements or being left to chance for an attorney to volunteer to represent plaintiff so then filed Doc 35 expounding on 4 more rejections (one duplicate) since Doc 33 and requesting of this Honorable Court to appoint plaintiff an attorney to be compensated by plaintiff at a reasonable and customary rate.  This letter is basically a resubmission of Doc 35 in the form of a letter to ensure it meets the technical requirements of Your Honor's Individual Practices.
    In addition, by far the most common reason for the 7 rejections was because of standard policy of attorneys/firms to only represent cases against brokers for FINRA violations and not against stock issuers.  This fact is evidence that all potential plaintiffs face a strong and decisive barrier to ensure their rights of due process under the 14th and 5th Amendments to the US Constitution.  Of the over 700 members in the [online uwt stockholders group](online uwt stockholders group), to plaintiff's knowledge as the administrator, not a single one has been able to retain counsel to represent them against the defendant, though a few have filed suit pro se in SDNY Court.  This policy collusion amongst attorneys in addition to 15 U.S Code § 77m imposing only a one-year statute of limitations for claims involving registration of stock (prospectus content) are both acute pitiful examples of legal manipulation to curtail the fair and due process of all potential plaintiff's 14th and 5th Amendment rights.
    The attached exhibit is a screenshot of plaintiff's email to Jeff Meyerson of Meyerson Law listed in Doc 33 as one of the four attorneys who rejected plaintiff's request for representation. The date the email was sent is shown as June 13, 2020 – many months before this case was

filed in September of 2020. Because plaintiff's unsuccessful efforts to retain counsel date from before the filing of this case, plaintiff finds it appropriate that if it is the choice of this Honorable Court to appoint counsel for plaintiff, that such counsel be given the opportunity to start anew by filing a new complaint which incorporates all the relevant issues addressed in prior motions and oppositions. Thank you.

Respectfully submitted this 12th day of April, 2021
/s/ David M Kirk
David M Kirk, plaintiff
Cc: Samuel J. Rubin (via ECF and e-mail)