

Samuel J. Rubin
+1 212 813 8852
SRubin@goodwinlaw.com

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018

goodwinlaw.com
+1 212 813 8800

April 12, 2021

**VIA ECF**

Hon. Andrew L. Carter, Jr.
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Hon. George B. Daniels
Hon. Gabriel W. Gorenstein
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *Kirk v. Citigroup Global Markets Holdings Inc.*, No. 20-cv-07619-ALC-SDA ("*Kirk* Action")
*Mai v. Citigroup Global Markets Holdings Inc.*, No. 20-cv-11129-GBD-GWG ("*Mai* Action")

Dear Judges Carter, Daniels and Gorenstein:

    We write on behalf of Citigroup Global Markets Holdings Inc. ("CGMHI"), the Defendant in the above-referenced actions pursuant to Rule 1.6(a) of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York to notify the Court of nine additional cases that have recently been filed in this District which CGMHI respectfully submits are related to the two above-referenced actions.[1]

    Additionally, and in accordance with Rules 13(a)(1), (b)(3) and (c)(1) of the Local Rules for the Division of Business Among District Judges, CGMHI respectfully requests that the related actions be transferred to Judge Carter or, alternatively, to Judge Daniels and Magistrate Judge Gorenstein and that the Court set a pre-motion conference for an anticipated motion to consolidate the related actions pursuant to Federal Rule of Civil Procedure 42 for pre-trial purposes.

---

[1] In addition to the *Kirk* and *Mai* Actions, the nine additional actions are: (i) *Adams v. CGMHI*, 21-cv-02270-LGS-SN (assigned to Judge Schofield and Magistrate Judge Netburn); (ii) *Allen v. CGMHI*, 21-cv-02387-UA (currently unassigned); (iii) *Jacobson v. CGMHI*, 21-cv-02384-UA (currently unassigned); (iv) *Labib v. CGMHI*, 21-cv-02658-UA (currently unassigned); (v) *Mounir v. CGMHI*, 21-cv-02667-UA (currently unassigned); (vi) *Ravi v. CGMHI*, 21-cv-02223-MKV-KNF (assigned to Judge Vyskocil and Magistrate Judge Fox); (vii) *Steadman v. CGMHI*, 21-cv-02430-PGG-RWL (assigned to Judge Gardephe and Magistrate Judge Lehrburger; (viii) *Yambo-Torres v. CGMHI*, 21-cv-02386-UA (currently unassigned); and (ix) *Zellner v. CGMHI*, 21-cv-02413-CM (currently assigned to Judge McMahon).



Hon. Andrew L. Carter, Jr.
Hon. George B. Daniels
Hon. Gabriel W. Gorenstein
April 12, 2021
Page 2

On September 17, 2020, *pro se* plaintiff David Kirk commenced the *Kirk* Action before Judge Carter.  See *Kirk* Action ECF No. 1.  After pre-motion correspondence and amendments to the complaint in accordance with Judge Carter's Individual Practices, Judge Carter set a briefing schedule on CGMHI's motion to dismiss (*id.* No. 20), which was fully-briefed on February 11, 2021 (*id.* Nos. 23-27, 29), and is pending before Judge Carter.

Following the *Kirk* Action, on January 4, 2021, *pro se* plaintiff Ivan Mai filed a nearly-identical action pending before Judge Daniels and referred to Magistrate Judge Gorenstein for pre-trial purposes. See *Mai v. CGMHI*, No. 20-cv-11129-GBD-GWG (S.D.N.Y.) (the "*Mai* Action").  By Order dated February 19, 2021, Judge Carter declined to accept the *Mai* Action as related to the *Kirk* Action (*see Kirk* Action ECF No. 32) and a pre-motion letter in advance of an anticipated motion to dismiss the *Mai* Action complaint was submitted in accordance with Magistrate Judge Gorenstein's Individual Practices on April 12, 2021 (*see Mai* Action ECF Nos. 19, 20).

Since the filing of the *Kirk* and *Mai* Actions, nine additional *pro se* lawsuits have been commenced in this District.  Like the *Kirk* and *Mai* Actions, the nine additional actions all purport to allege fraud in connection with plaintiffs' purchases of 3x Long Crude Oil Exchange Traded Notes in March 2020.  All of the nine copy the majority of the substantive allegations set forth in the *Kirk* Action's operative complaint (adjusting the identification of the plaintiffs' names, the individual purported damages sought, and eliminating certain inapplicable allegations concerning plaintiff Kirk's filings in other courts).[2]

Judge Carter previously declined to accept the *Mai* Action as related to the *Kirk* Action but under different circumstances.  At that time, only two cases were pending, a briefing schedule had already been established in the *Kirk* Action, and the *Mai* Action had not been served on CGMHI.  The filing of nine additional cases presents an opportunity to gain efficiencies through a transfer to one Judge within this District where the cases could be consolidated for pre-trial purposes including briefing of common issues in anticipated motions to dismiss the related actions.  The nine additional actions were all recently filed, two are awaiting payment of filing fees or *in forma pauperis* applications, none of the nine has been served on CGMHI, and no summons has been issued by the Court in six of the nine recently filed actions.

---

[2] Plaintiff Kirk appears to be coordinating the filing of the related actions through a social media site he administers and which he has referenced in filings in the *Kirk* Action.  *See, e.g.*, *Kirk* Action ECF No. 22, 36.  In one of the recently-filed actions (*Yambo-Torres*), the plaintiff identified the *Kirk* Action as a related case while seeking *pro bono* representation, and incorporated an email annexed to the *Yambo-Torres* complaint from the same attorney referenced in plaintiff Kirk's submissions who declined representation because CGMHI "complied with the terms of its UWT prospectus" and stating that "[u]nless they marketed it to retail investors, we see no avenue of recovery and are not intending at this time to take any actions against them."  *See Yambo-Torres* Action ECF No. 2, § 3 (citing ECF No. 1-6)); *see Kirk* Action ECF No. 36.  In another action (the *Mai* Action), the plaintiff cited to the *Kirk* Action in opposing an extension of CGMHI's time to respond to the Complaint (*see Mai* Action ECF No. 18). Recently, plaintiff Kirk purported to respond on behalf of two other sets of *pro se* plaintiffs in the *Ravi* and *Steadman* actions to decline CGMHI's offer to execute Federal Rule of Civil Procedure 4(d) service of process waivers (AO Form 399) as if he were counsel to the *pro se* plaintiffs in those cases.



Hon. Andrew L. Carter, Jr.
Hon. George B. Daniels
Hon. Gabriel W. Gorenstein
April 12, 2021
Page 3

Federal Rule of Civil Procedure 42(a) permits a district court to consolidate separate actions for pretrial purposes when they involve "common questions of law or fact." *See Katz v. Realty Equities Corp. of New York*, 521 F. 2d 1354, 1359 (2d Cir. 1975) (affirming consolidation of 17 private securities cases); *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). The purpose of Rule 42(a) "is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *See* Wright & Miller, Federal Practice and Procedure, § 2381 (2020). In assessing consolidation requests, courts observe that "considerations of judicial economy favor consolidation." *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 160 (S.D.N.Y. 2005) (consolidating securities actions involving similar or overlapping securities claims based on the same alleged misrepresentations).[3]

In light of the close alignment of the claims asserted in the nine new actions, CGMHI respectfully submits pursuant to Local Rule 13(a)(1) that: (A) the nine new actions concern similar parties and transactions to the *Kirk* and *Mai* Actions; (B) there is substantial factual overlap between the nine new actions and the *Kirk* and *Mai* Actions; (C) the parties could be subjected to conflicting orders were the eleven actions adjudicated by different Judges; and (D) absent a determination of relatedness, there would be a substantial duplication of effort and expense for the parties and Judges in this District.

CGMHI respectfully requests that the nine recently filed actions (and the *Mai* Action in which a motion to dismiss is anticipated but not yet briefed), be transferred to Judge Carter, designated as related to the *Kirk* Action pursuant to Local Rule 13(b)(3), and that the Court schedule a pre-motion conference in anticipation of a consolidation motion for pre-trial purposes. Alternatively, CGMHI respectfully requests that the nine recently filed actions be transferred to Judge Daniels and Magistrate Judge Gorenstein (as related to the *Mai* Action) and that the Court schedule a pre-motion conference in anticipation of a consolidation motion for pre-trial purposes.

Respectfully submitted,

/s/ Samuel J. Rubin

Samuel J. Rubin

---

[3] Although the eleven cases at issue assert common law fraud claims based on diversity jurisdiction, in analogous contexts, Judge Carter's Court has consolidated federal securities law class actions arising out of the same facts or circumstances and involving the same disclosure documents for purposes of resolving consolidated motions to dismiss under the Private Securities Litigation Reform Act. *See, e.g.*, *Kux-Kardos v. Vimpelcom, Ltd.*, 151 F. Supp. 3d 471, 475 (S.D.N.Y. 2016); *Snyder v. Baozun, Inc.*, No. 1:19-cv-11290 (ALC), 2020 WL 5439763, at *2 (S.D.N.Y. Sept. 8, 2020). Other courts within this District have consolidated related actions commenced against a common defendant for pre-trial purposes, including when motions to dismiss were pending. *See, e.g.*, *Primavera*, 173 F.R.D. at 129.



Hon. Andrew L. Carter, Jr.
Hon. George B. Daniels
Hon. Gabriel W. Gorenstein
April 12, 2021
Page 4

Cc:     Judge Colleen McMahon (via ECF)
Cc:     Judge Paul G. Gardephe (via ECF)
Cc:     Judge Lorna G. Schofield (via ECF)
Cc:     Judge Mary Kay Vyskocil (via ECF)
Cc:     Dennis Eric Adams, Sr., (via ECF, e-mail, and U.S. Mail)
Cc:     James Riley Adams (via ECF, e-mail, and U.S. Mail)
Cc:     Dennis Eric Adams, Jr. (via ECF, e-mail, and U.S. Mail)
Cc:     Thomas P. Allen (via ECF, e-mail, and U.S. Mail)
Cc:     Bret W. Jacobson (via ECF, e-mail, and U.S. Mail)
Cc:     David Kirk (via ECF, e-mail, and U.S. Mail)
Cc:     Magdy Labib (via ECF, e-mail, and U.S. Mail)
Cc:     Ivan Mai (via ECF, e-mail, and U.S. Mail)
Cc:     Andrew Mounir (via ECF, e-mail, and U.S. Mail)
Cc:     Umshankar Ravi (via ECF, e-mail, and U.S. Mail)
Cc:     Saritha Ravi (via ECF, e-mail, and U.S. Mail)
Cc:     Patricia A. Steadman (via ECF, e-mail, and U.S. Mail)
Cc:     Joel M. Yambo-Torres (via ECF, e-mail, and U.S. Mail)
Cc:     Korey R. Zellner (via ECF, e-mail, and U.S. Mail)