David Kirk
873 Southern Creek Drive
Saint Johns, FL 32259
(904) 806-6937

May 21, 2021

**VIA ECF & E-MAIL**

Hon. Andrew L. Carter, Jr.
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: Kirk v. Citigroup Global Markets Holdings Inc., 1:20-cv-07619 (S.D.N.Y.)
    Appeal concerns

Dear Judge Carter,

   I feel recent developments in this case make it my responsibility to alert Your Honor to increasingly numerous points arising which could give grounds for appeal if this course continues.

1) Recent Order 65 states that I "since filed two amended complaints. ECF Nos. 21, 22", the same argument presented by Defense Counsel when in fact I was granted leave to file **one** amended complaint, the final version of such **one** amended complaint being Doc 22 as of the deadline of Dec 30, 2020.  I take offense to the Doc 21 "rough draft" version being referred to as an additional amended complaint when Doc 22 stated it was a replacement of Doc 21, not an amendment of it. If my final amended complaint had been filed after the Dec 30, 2020 deadline and especially after the three Defense Counsel response filings on Jan 20, 2021, then it would be considered a second amended complaint, but such was certainly not the case for Doc 21 so it should not be equated as such. This is especially the case being pro se having been rejected by 8 for pay attorneys, none on case merit, so amending as I have had to as I learned all the legal nuances would be expected and the reference to having filed two amended complaints is contested as a biased, exaggerated reference.

2) Order 65 states that Doc 22 will be used as the current complaint though I've stated very relevant newly discovered information from the Steadman case of 4 additional days of fraud which greatly strengthen the case for fraud intent and thus punitive damages which when taken together with the initial two days calculate to odds of the fraud being accidental to less than one in 522 trillion.

3) Order 51 states "the Court finds the posts referenced in Defendant's letter to be highly concerning and extremely problematic, especially **after** the Court advised Mr. Kirk that "although he is a pro se plaintiff, he is not excused from any obligation not to harass the

defendant or defendant's counsel by any means…ECF No. 43 ("April 16 Conference Tr.") …'threats or actions of leaving stinging online reviews.'" The post referenced (Exhibit H) was dated March 2, 2021, over six weeks **before** the April 16 conference and like all posts so outdated had been forgotten by myself and other group members as they were certainly not the topic of recent conversations since many, many more posts were made in the six weeks since. Yet on this basis of faulty timing of a very outdated post, Defense Counsel was then granted leave in the Order to file motion for sanctions. I also stated in Doc 55 that I immediately deleted the post along with most all the other posts from the past year. Thus, any net sanctions against me could very likely give strong grounds for appeal having been based on erroneous timing and thus nolle prosequi.

4) Order 51 also cites United States v. Spear, 20-cr-51-1, "the First Amendment does not excuse "threats or actions of leaving stinging online reviews." I repeat my Doc 55 statement that "For "United States v. Spear" referenced in the Order, the Pacer site didn't return any results for the listed case number" and respectfully request a case number in a format accepted by the Pacer site so that I can review it please. How would the actions of leaving stinging online reviews be considered harassment if they were factual and non-threatening?  "The only thing necessary for the triumph of evil is for good men to do nothing." Internet reviews are a godsend of a tool to keep potential wrongdoers in check.

5) Recent Order 65 reverses the Order 42 allowing Defense Counsel to file motion to consolidate related cases, reversed after my request that upon consolidation that I be allowed to file a consolidated complaint. Defense Counsel presented very compelling arguments for consolidation in Doc 37, "in accordance with Rules 13(a)(1), (b)(3) and (c)(1) of the Local Rules for the Division of Business Among District Judges" and "Federal Rule of Civil Procedure 42(a)…*Katz v. Realty Equities Corp. of New York…Primavera Familienstiftung v. Askin",* and consolidation seemed to be agreeable to everyone until Defense Doc 49 objecting to my filing a consolidated complaint forcing me later in Doc 59 to object to case consolidation unless I could file a consolidated complaint after consolidation.  Order 65 gives no reason for the change against the obvious efficiency of consolidating the cases and a consolidated complaint.

6) I have repeatedly stated that after exhaustive efforts I have been unable to obtain attorney representation, paid or unpaid, and none of the rejections were based on case merit.  Recent efforts to expand the scope of Gideon v. Wainwright, 372 U.S. 335 (1963) from a right to legal representation in civil cases specifically in the State of New York have been successful in some areas and not in others, ref: https://www.nysenate.gov/newsroom/articles/expanding-gideon-right-indigent-civil-representation . None of these cases involve unanimous rejections of attorneys on a pay for service basis like the 8 rejections I received from the NYC bar referral service recommendations so this case would add a new and vital aspect to the right and its effect of grossly diminishing my 14th and 5th Amendment rights of due process.

WHEREAS, Plaintiff requests this Honorable Court to take into consideration the above concerns in recent and future rulings. I reiterate that this fraud caused an 80% to 98% loss in 2 to 12 days by a Defendant documented to have paid over $1 billion in Federal fines in recent years for four frauds and a fifth currently under indictment for and Defendant has publicly

stated that with their recent new CEO that things would change for the better but has turned a complete blind eye to the astronomical numeral evidence in these cases. Regarding my Google and Facebook generic reviews of Goodwin Proctor firm employer of Defense Counsel in which I listed no details citing this ongoing litigation, this firm of some 1,200 attorneys has only one other Google review and no other Facebook reviews.  That speaks volumes!  To not warn others I would judge to be a gross sin of omission on my part.  Defendant Citi removed its Facebook review category long ago, likely even way before this case was filed.

Respectfully submitted this 21rd day of May, 2021
/s/ David M Kirk
David M Kirk, plaintiff
Cc: Samuel J. Rubin (via ECF and e-mail)