USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __06/10/2021__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
DAVID M. KIRK,                                  :
                                                :
                       **Plaintiff,**       :
                                                :    **20-CV-7619 (ALC)**
    -against-                                  :
                                                :    <u>**ORDER**</u>
CITIGROUP GLOBAL MARKETS HOLDINGS               :
INC.,                                           :
                                                :
                       **Defendant.**       :
------------------------------------------------------------------- x

**ANDREW L. CARTER, JR., District Judge:**

       The Court is in receipt of Plaintiff's letters filed with the Court addressing "appeal concerns" and requesting a case cited by the Court in its May 4, 2021 order. *See* ECF Nos. 66, 68, 73. The Court is also in receipt of Defendant's motion for sanctions and Plaintiff's opposition and cross-motion for sanctions. ECF Nos. 70, 77.

       The case requested by Mr. Kirk, *United States v. Spear*, 20-cv-51-1, 2021 WL 794784 (D. Vt. Mar. 2, 2021), is attached to the instant order.[1] The Court notes that because Mr. Kirk has submitted a cross-motion for sanctions, he will be permitted to respond to any opposition filed by Defendant. Defendant's opposition to Plaintiff's cross-motion, if any, should be filed in conjunction with their reply, by no later than June 15, 2021. Plaintiff should file a reply to Defendant's opposition, if any, by no later than June 22, 2021.

       The Court also previously noted that Plaintiff filed two amended complaints and denied Plaintiff leave to file a third amended complaint. ECF No. 65. Plaintiff asserts that the second amended complaint filed was a replacement, not an amendment of the first amended complaint, as the first amended complaint was a "rough draft." ECF No. 66. How Plaintiff chooses to refer

---

[1] The Court had previously mistakenly attributed this decision to the Southern District of New York.

to the amendments is irrelevant—any change to a complaint filed with the Court is considered an amendment and not merely a replacement. And the Court is not aware of any authority that supports Mr. Kirk's assertion that it is not an amendment because it was filed before the Court-imposed deadline. In any event, the Court will consider the second amended complaint filed the operative complaint in this action.

The Court also construes Mr. Kirk's letters, ECF Nos. 66, 68, as a motion for reconsideration of this Court's decision denying Mr. Kirk leave to file an amended complaint. Mr. Kirk's motion to amend is hereby **DENIED** as futile at this stage. *See Hartley v. Rubio*, 785 F. Supp. 2d 165, 187 (S.D.N.Y. 2011) (denying leave to amend complaint because amendment would be futile); *see also Jackson v. Wells Fargo Home Mortg.*, 811 F. App'x 27, 30 (2d Cir. 2020) (summary order) ("Although [a] *pro se* complaint should not be dismissed without the Court granting leave to amend at least once[,] . . . leave to amend a complaint may be denied when amendment would be futile." (alterations in original) (internal citation and quotation marks omitted)).[2] At this time, the Court is considering only subject matter jurisdiction, and the addition of particular statutes and/or extending the alleged period of fraud by four days is futile given that this would not change the nature of Mr. Kirk's claims. Nor does Mr. Kirk claim that these changes would increase the amount of *actual* damages.

Lastly, in his letter regarding "appeal concerns," Mr. Kirk states that the Court gave "no reason for the change against the obvious efficiency of consolidating the cases and a consolidated complaint." ECF No. 66. The Court disagrees. As a preliminary matter, the Court enjoys "broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990). Given Mr. Kirk's *pro se* status, he cannot file a

---

[2] The Court has attached a copy of *Jackson v. Wells Fargo Home Mortgage* to the instant order, in compliance with the spirit of Fed. R. App. P. 32.1.

consolidated complaint on behalf of all plaintiffs in the Related Actions. Additionally, as noted in this Court's Order to Show Cause dated May 4, 2021, ECF No. 52, federal courts' general practice is to first "resolve[] doubts about its jurisdiction over the subject matter." *Ruhrgas AG v. Marathon Oil, Co.*, 526 U.S. 574, 578 (1999). Accordingly, the Court reconsidered its decision granting Defendant leave to file a motion to consolidate and instead established a coordinated two-track briefing schedule in all Related Actions. At present, the Court considers this to be the most efficient way to proceed, though the Court's decision does not bar the parties from seeking leave to file a motion to consolidate in the future.

      Defendant is hereby ORDERED to serve Plaintiff with a copy of the instant order and file proof of service by no later than June 14, 2021.

**SO ORDERED.**

**Dated:**     **June 10, 2021**
             **New York, New York**

_____
     **ANDREW L. CARTER, JR.**
     **United States District Judge**