# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Case 1:20-cv-07619-ALC

David M Kirk, plaintiff

    V

Citigroup Global Markets Holdings Inc, defendant

June 18, 2021

**VIA ECF & E-MAIL**

## Plaintiff's Reply to Doc 82

1) Doc 82 is balderdash as usual and expected. I've already stated in my Doc 77 that Mr. Rubin has not proven that I am the "AmVery Irate" identity and **I take no credit for posts made by that anonymous identity, I do not control that identity** and repeat assertion made in Docs 55 and 77 that I share Jewish ancestry. The post also does not support Hitler's view, only citing opinion on factors that empowered Hitler and states no specific threat. Doc 82 next references Mr. Rubin's home town which I've repeatedly stated made no reference to Mr. Rubin and was misinterpreted by him. Doc 82 Page 2, regarding (i) Identical alignment of targets – the fraud committed by Citi defended by continual repeated misrepresentations by Mr. Rubin obviously means there's no love lost for either among the 700 members of the online group and being the administrator of such group, I am at the forefront and usually the very first to know of any actions or emotions by group members. This is no way proves alignment and alignment doesn't prove identity. Regarding "alignment", what has been consistently aligned in this case is Mr. Rubin's ongoing morally reprehensible actions - never denying the fraud alleged by my complaint, merely arguing loss caused by the fraud was disclosed in the prospectus as "risk", the product of natural "supply and demand", and his misrepresentations in this case which total at the end of this document to now 15 and continuing to add to. (ii) Quoting Doc 82 "don't mess with us" – is also an expected response from an administrator of a victimized group to continual victimization – did Mr. Rubin expect me to say "yes, please mess with us because we enjoy being victimized more"? (iii) Refers to "temporal alignment (including a one-minute differential) between the alias posts and Plaintiff's reposts". There are no references following to support this and for good reason – ALL of the Doc 72 Exhibits are time stamped with either a date or by how many hours ago they were posted – NONE even come close to posting a specific day and time of day, much less a "one-minute differential". Mr. Rubin's **14th** misrepresentation in this case. Part (iii) does not end with exactly which Exhibits this one-minute difference refers to. I can't respond to what is not referenced. I even stretched to the reference at the end of (iv) to Exs. 11-16 to find it. Exs. 11 & 12 are dated the same day but are unrelated to each other and the same is true of Exs. 14 & 15. This is his first ever mention of such

"one-minute differential" and as Mr. Rubin stated in Doc 29, one "cannot amend his pleading [Docs 70-72 Motion for Sanctions] through the briefing of this Motion [his Doc 82 Opposition]."[1] In short, any new information in (i) through (iv) or anything else new in his Doc 82 is not allowed per footnote 1. (iv) states "similar content and word choice in Plaintiff's and the alias's posts. See Rubin Decl. ¶ 7, Exs. 11-16" and is followed by reference in his footnote 2. Such footnote shows the anonymous identity reposted excerpts from this case which I've already stated is public information and that I reposted many of my filings in the online group.  All active members in the group of 700 would have seen my posts as by far the most frequent thing posted since I was the very first to file suit and thus reposting of my excerpts would be expected as the first choice of member victim desiring to repost.

2)      Doc 82 continues repeating the same misrepresentation given in Doc 18 response to my first Motion for Sanctions – namely denying any misrepresentation without expounding one word on the proven word for word misrepresentations I gave taken from publicly filed court documents.  Doc 82 continues the same way and on page 5 even states my quote referring to "blood sucking attorneys" (in reference to Doc 72-8) refers to him because I had earlier referenced class action attorneys.  Ludicrous first because I don't even know if Mr. Rubin is a class action attorney. I would think not since he chooses to defend major securities clients like Citi, and thus would very often run into conflicts of interest by attempting to represent class action clients against them. Second, Doc 72-8 states "Plus I just got a notice about a class action settlement for a snap stock that said the average recipient would receive 55 cents after attorney fees. Screw these useless blood sucking attorneys." Obviously "blood sucking" refers to such class action attorneys in that specific case, nothing close to reference to Mr. Rubin.  Such is another gross misrepresentation and is rudely taking up my time and especially that of this Honorable Court.  It's the exact same modus operandi that Defense through its counsel has done ad nauseum repeatedly and continues to fight these frauds in court cases with a litany of documents (and in my case also misrepresentations), in one case as many as [40 MILLION DOCUMENTS. raising legal fees for both sides to force plaintiffs to have to settle for PENNIES ON THE DOLLAR.](#)[2] Doc 82 then correctly states that as evidenced in Doc 72-8 I "included defense counsel's biography and referred to defense counsel's age, experience, and law school".  Yes, I referred to them in reference to my fight AGAINST him, and quoting from Doc 72-8, "I prefer suing on my own" instead of using such class action attorneys (to represent FOR me).  Obviously, the blood reference was to such class action attorneys to REPRESENT me, not Mr. Rubin representing the opposing party. Another gross misrepresentation by Mr. Rubin in addition to the 11 in my Motion for Counter Sanctions, and the additional two stated in my Opposition to Motion to Dismiss along with the 14th mentioned above bringing the total now to **15** gross misrepresentations.  Doc 82 footnote 4 references filing made by plaintiff Sean Thomas about arguments made by me in my cross motion regarding the one-year statute of limitations for discovery of fraud which filing and Statute I already posted long ago in the group and there is no law against me posting Statutes or filings from my case, it being public information.  Footnote 5 references Exhibit 19 which exhibit I see no

evidence of harm in and Exhibit 20 which I've already stated was misinterpreted by Mr. Rubin.

WHEREAS, as stated in Doc 77 at the end of paragraph 6 that there is **"a total of ZERO Doc 72 Exhibits dating from after the April 16, 2021 phone conference with any semblance of grounds for sanctions"**, I repeat my Doc 77 conclusion that "Plaintiff respectfully requests that (i) Defense Counsel's Motion for Sanctions to be dismissed in that the Order 51 allowing its submission was based on erroneous timing promulgated by Defense Counsel's misrepresentations and that (ii) he be sanctioned a total of $10,000 for his ELEVEN misrepresentations[3] and (iii) if he engages in any more misrepresentations that he be removed from this case and referred to the New York State bar for public reprimand."

[1] As this Court has observed, "[i]t is well established that 'a complaint may not be amended by the briefs in opposition to a motion to dismiss.'" Bright-Asante v. Wagner, No. 15- cv-9110, 2017 WL 6948359, at *6 (S.D.N.Y. Dec. 1, 2017) (Carter, J.)

[2] Ref: https://www.dkrpa.com/blog/citigroup-settles-shareholder-lawsuit-for-590-million

[3] "ELEVEN" misrepresentations have now been increased to total 15 (FIFTEEN)

Respectfully submitted this 18th day of June, 2021

/s/ David M Kirk

David M Kirk, plaintiff

cc: Samuel J. Rubin (via ECF and e-mail)