UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID M. KIRK,<br><br>Plaintiff,<br><br>v.<br><br>CITIGROUP GLOBAL MARKETS HOLDINGS INC.,<br><br>Defendant. | No. 20-cv-7619 (ALC)<br><br>Related Actions:<br><br>21-cv-2384 (ALC)<br>21-cv-2386 (ALC)<br>21-cv-2387 (ALC)<br>21-cv-2413 (ALC)<br>21-cv-3294 (ALC) |

**REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF DEFENDANT'S MOTION
TO DISMISS PLAINTIFF'S FINAL AMENDED COMPLAINT**

Pursuant to the Court's May 19, 2021 order (ECF No. 65), CGMHI respectfully submits this reply memorandum of law in further support of its motion to dismiss the Amended Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[1]

## ARGUMENT

**I. THE OPPOSITION FAILS TO ADDRESS THE AMENDED COMPLAINT'S JURISDICTIONAL DEFICIENCIES**

The Opposition fails to respond to the jurisdictional deficiencies set forth in CGMHI's Opening Brief and is misguided in several respects as set forth herein.

**A. The Opposition Fails to Address the Amended Complaint's Federal Question Jurisdiction Deficiencies**

As an initial matter, the Opposition's attempt to create federal question jurisdiction by mischaracterizing the Court's June 10, 2021 order (ECF No. 80 (the "June 10 Order")) as having "incorporated by reference" purported claims advanced under Section 11 of the Securities Act in

---

[1] Capitalized terms not otherwise defined herein shall have the meanings set forth in CGMHI's June 9, 2021 memorandum of law in support of its motion to dismiss (the "Opening Brief" or "Opening Br.") (ECF No. 79). Plaintiff's June 18, 2021 opposition brief (ECF No. 84) is referred to herein as the "Opposition" or the "Opp. Br."

the Amended Complaint (Opp. Br. ¶¶ 1, 5) should be disregarded. The Court's June 10 Order denied Plaintiff's motion for reconsideration of the Court's decision denying Plaintiff leave to file another amended complaint that would purportedly have advanced federal securities law claims. *See* ECF No. 80 at 2. Notwithstanding the Court's order, Plaintiff presumes the amendments were incorporated into the Amended Complaint which is exactly what the Court denied.

In any event, as the Court observed, such amendments would have been futile because "the addition of particular statutes" does "not change the nature of Mr. Kirk's claims." ECF No. 80 at 2. As set forth in the Opening Brief, federal question jurisdiction "will lie only where the court determines that the substance of the plaintiff's allegations raises a federal question." *Masino v. Persico Cont. & Trckg., Inc.*, No. 11-cv-4596 (ERK) (ST), 2018 WL 1135473, at *3 (E.D.N.Y. 2018) (citations omitted). The substance of Plaintiff's putative claim is not for violation of federal securities laws but for common law fraud. *See* Opening Br. at 6-7.[2]

### B. The Opposition Fails to Address the Amended Complaint's Diversity Jurisdiction Deficiencies

The Opposition's reliance on *One-Point Solutions LLC. v. Borchert*, 486 F.3d 342, 349-50 (8th Cir. 2007) as a basis to include punitive damages in the Court's $75,000 diversity jurisdictional threshold is misplaced. In that case, the Eighth Circuit (applying Minnesota state law) included punitive damages within the jurisdictional threshold because the underlying claim

---

[2] Even assuming the Amended Complaint pleads a violation of Section 11 of the Securities Act, which it does not, it is hornbook law that punitive damages are unavailable under Section 11. *See* Opening Br. § B; *see also DeMaria v. Andersen*, 318 F.3d 170, 177 (2d Cir. 2003) (explaining that "subsections (e) and (g) of § 11 limit the damages that may be recovered to the price at which the security was offered to the public"). *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 63 (1995) which the Opposition cites (*see* Opp. Br. ¶ 6) and which concerned whether an arbitral tribunal could award punitive damages on state law claims, does not change the analysis. The plaintiffs in that action sought punitive damages only on their state law claims. *See Mastrobuono*, 812 F. Supp. 845, 846 (N.D. Ill. 1993), *aff'd*, 20 F.3d 713 (7th Cir. 1994), *rev'd*, 514 U.S. 52 (1995) ("The Mastrobuonos' complaint contained both federal and state law claims, including requests for punitive damages <u>on the latter</u>." (emphasis added)).

was brought under a Minnesota statute that expressly authorized punitive damages. *Id.* (citing Minnesota Statute § 604.14). Here, by contrast, under applicable New York common law, "punitive damages are not available in an ordinary fraud case" and, accordingly, "it is a legal certainty that the amount recoverable in this action does not meet the jurisdictional threshold." *See, e.g.*, *Z-Axis Tech Sols., Inc. v. Richmond Cap. Grp., LLC*, No. 17-cv-3983 (GBD), 2018 WL 1088008, at *4 (S.D.N.Y. Feb. 14, 2018)).

The Opposition's suggestion that this is a claim of extraordinary fraud in which punitive damages are available (*see* Opp. Br. ¶¶ 4-5) is equally misguided. The Amended Complaint fails to identify any purported misstatement or omission in the Pricing Supplement. The Amended Complaint fails to state any claim for fraud, let alone with the requisite particularity, or to the "morally reprehensible" degree required to justify including punitive damages in the jurisdictional threshold. *Z-Axis*, 2018 WL 108808, at *3; *see also John Wiley & Sons, Inc. v. Glass*, No. 10 Civ. 598 (PKC), 2010 WL 1848226, at *3 (S.D.N.Y. May 7, 2010) ("Under New York law . . . punitive damages have been limited to conduct evincing a high degree of moral turpitude and demonstrating such wanton dishonesty as to imply a criminal indifference to civil obligations." (internal citations omitted)).

Moreover, Plaintiff's allegation of an alleged "gross under tracking of the index in the manner that the stock descriptions guaranteed to track it" (*see* Opp. Br. ¶ 5) cites to nothing in the Pricing Supplement creating such alleged obligations and ignores contrary disclosures that: (i) the secondary market trading prices for the notes are "market-determined" and "influenced by many unpredictable factors" outside of CGMHI's control; and (ii) the indicative values for the notes (used to determine their value at redemption or maturity) are "not the same as the trading price"

and that "actual trading price of the ETNs in the secondary market may vary significantly" from their indicative values. *See* Opening Br. at 5-6.[3]

## CONCLUSION

For the foregoing reasons, and as set forth in the Opening Brief, CGMHI respectfully requests that the Court dismiss the Complaint in its entirety for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

Dated: June 30, 2021
New York, New York

Respectfully submitted,

**GOODWIN PROCTER LLP**

/s/ Samuel J. Rubin

Marshall H. Fishman
Samuel J. Rubin
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Phone: (212) 813-8800
Fax: (212) 813-3333
mfishman@goodwinlaw.com
srubin@goodwinlaw.com

*Attorneys for Defendant*
*Citigroup Global Markets Holdings Inc.*

---

[3] For the same reasons, Plaintiff's speculative allegations regarding alleged human interference with computer software (*see* Opp. Br. ¶ 5) are without basis. Nothing in the Complaint alleges—and nothing in the Pricing Supplement states—that CGMHI controls the trading prices for UWT Notes in the secondary market on the New York Stock Exchange through computer software or otherwise. Likewise, none of Plaintiff's other various allegations regarding his purported failures to serve process in this action or his claims that he was unable to do so in light of COVID-19 restrictions (*id.* ¶ 4(a)(d)), is a basis for seeking punitive damages.