**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**DAVID KIRK,**

        **Plaintiff,**

-against-

**CITIGROUP GLOBAL MARKET HOLDINGS INC.,**

        **Defendant.**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 1/13/2022

**20-cv-7619 (ALC)**

<u>**ORDER**</u>

**ANDREW L. CARTER, United States District Judge:**

    Invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), Plaintiff David Kirk, a Florida resident, brings this suit against Defendant Citigroup Global Market Holdings Inc. ("CGMHI" or "Defendant"), headquartered in New York, alleging fraud under New York state law. Defendants now move for the dismissal of the Amended Complaint and the levying of sanctions against the Plaintiff.

    Plaintiff is a broker, alleging that the events giving rise to his claims occurred on March 18 and 19, 2020, at the New York Stock Exchange. ECF No. 22 ("Final Amended Complaint" or "FAC") ¶ 1. CGMHI issued two stocks that it had advertised as being the inverse of each other; that is, when one stock increased in value, the other stock decreased. ¶ 4. The stocks operated in such a manner for months, until March 18 and 19, 2020, when both stocks dropped over 50%. Kirk alleges this drop shows CGMHI falsely advertised the stock, and as a result, "stole over half of all investor's money." *Id.* Plaintiff filed this suit on September 17, 2020.

    I.   *Subject Matter Jurisdiction*

   "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In reviewing a motion to dismiss

under Rule 12(b)(1), a court "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation and internal quotation marks omitted). Rather, "[t]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

Federal diversity jurisdiction exists where plaintiffs and defendants are citizens of different states and the amount-in-controversy is greater than $75,000. *See* 28 U.S.C. §1332(a). When a plaintiff seeks declaratory relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) (citations omitted). The party invoking subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012). The amount in controversy is measured "as of the date of the complaint." *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003).

Plaintiffs seeking punitive damages for common law fraud claims must "allege fraud that is founded upon such moral indifference as to be 'aggravated by evil' or to be demonstrative of a criminal indifference to civil obligations." *Koch v. Greenberg*, 14 F. Supp. 3d 247, 273 (S.D.N.Y. 2014), *aff'd*, 626 F. App'x 335 (2d Cir. 2015) (quoting *Rush v. Oppenheimer & Co., Inc.*, 596 F. Supp. 1529, 1532 (S.D.N.Y.1984)). However, "[p]unitive damages are 'refused in the "ordinary" fraud and deceit case.'" *Kruglov v. Copart of Connecticut, Inc.*, 771 F. App'x 117, 120 (2d Cir. 2019) (quoting *Walker v. Sheldon*, 10 N.Y.2d 401, 405 (1961)). "A trial court

is plainly not compelled to accept a claim of punitive damages . . . made for the purpose of conferring federal jurisdiction." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 225 (2d Cir. 2017) (quoting *Zahn v. Int'l Paper Co.*, 469 F.2d 1033, 1033 n.1 (2d Cir. 1972)).

Plaintiff seeks an award of $43,400 in compensatory damages—well below the $75,000 and one penny threshold to meet the amount-in-controversy requirement. Plaintiff attempts to buoy his claims above this threshold by alleging punitive damages in the amount of $393,300. Plaintiff arrives at this figure by multiplying his compensatory damages and the court's filing fee by nine. Plaintiff believes a multiple of nine would provide appropriate punishment for the Defendant's conduct. He cites, among other things, then-Governor Cuomo's Executive Order 202 declaring a state of emergency at the beginning of the pandemic "as further justification" for punitive damages. None of Plaintiff's contentions regarding Defendant's actions amount to either "moral indifference" or "criminal indifference to civil obligations." *Koch*, 14 F. Supp. 3d at 273. Given this, Plaintiff's claims amount to "ordinary" fraud and are insufficient to support punitive damages. As such, Plaintiff fails to meet the amount-in-controversy requirement of Section 1332(a). The Court finds that it does not have subject matter jurisdiction over Plaintiff's claims.

II.   *Motion for Sanctions*

"District courts have inherent, statutory, and rule-based powers to sanction lawyers for conduct that impedes the efficient administration of justice." *Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 280 (2d Cir. 2021). The Second Circuit has said that "district judges have an obligation to act to protect the public, adversaries, and judicial resources from litigants and lawyers who show themselves to be serial abusers of the judicial system." *Id.* "[T]he district court's sanctioning authority both accords with and is a necessary aspect of their 'responsibility

to manage their dockets so as to achieve the orderly and expeditious disposition of cases.'" *Id.* (quoting *In re World Trade Center Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013)).

CGMHI alleges that in prosecuting his case, Plaintiff engaged in inappropriate litigation conduct and harassing behavior. *See* ECF No. 72 (Rubin Decl.) ¶ 5, 6, Exs. 1-10. Plaintiff engaged in online harassment against Defense counsel, which he deemed "internet proliferation." *See id.* ¶¶ 6,7 Exs. 9, 10, 14. This harassment included posting negative reviews of Defense Counsel on Goodwin Proctor's Facebook page; posting negative reviews on the social media account of Defense counsel's wife's business; and posting comments insinuating a plan to target his online Harassment to CGMHI senior officers. *See id.* ¶ 7, Exs. 11-16. CGMHI alleges that Plaintiff used a shareholder Facebook group to recruit other *pro se* plaintiffs. On April 16, 2021, this Court held a conference to address Defendant's objections to Plaintiff's conduct. The Court ordered Mr. Kirk to refrain from harassing behavior towards Defense counsel and warned Mr. Kirk that he could not, in any way, represent plaintiffs in other cases in this District. The Court reiterated its warning in a May 4, 2021 Order. *See* ECF No. 51.

Despite these repeated warnings, Defendant alleges Mr. Kirk continues to flout the Court's order. On June 24, 2021, Defendant wrote to the Court alleging that Plaintiff filed papers on behalf of Thomas Allen, a *pro se* plaintiff in 21-cv-2387; Bret Jacobson, a *pro se* plaintiff in 21-cv-2384; Korey Zellner, a *pro se* plaintiff in 21-cv-2413; and Sean Thomas, a *pro se* plaintiff in 21-cv-3673. *See* ECF No. 86. On December 22, 2021, Defendant wrote to the Court to note Plaintiff's continued disregard for the Court order, citing metadata illustrating that Mr. Kirk had filed papers on behalf of Umashankar Ravi and Saritha Ravi, *pro se* plaintiffs in 21-cv-2223. *See* ECF No. 92. Plaintiff denies these allegations. *See* ECF Nos. 92, 94, 95.

Although these allegations are troubling, Mr. Kirk denies the allegations, and his actions have not yet impeded the administration of justice

\*     \*     \*

For the foregoing reasons, Defendant's motions to dismiss for lack of subject matter jurisdiction against Plaintiff is **GRANTED**.  Defendant's motion for sanctions against Plaintiff is **DENIED**.  Plaintiff's Final Amended Complaint is hereby dismissed.  The Clerk of the Court is respectfully directed to terminate ECF Nos. 70, 78 and terminate this case.

**SO ORDERED.**

**Dated:   January 13, 2022**
         **New York, New York**

                                                                      ANDREW L. CARTER, JR.
                                                                      United States District Judge