USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 1/12/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID KIRK,

                      **Plaintiff,**

        -against-

CITIGROUP GLOBAL MARKET HOLDINGS, INC.,

                      **Defendant.**

20-cv-7619 (ALC)

**ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

       Pending before the Court is Plaintiff's Motion for Recusal (the "Motion") requesting I recuse myself from this action. ECF No. 107. For the following reasons, Plaintiff's Motion is **DENIED**.

## BACKGROUND

       Plaintiff, who is proceeding *pro se*, brings this action alleging violations of federal securities law and fraud under New York State law against Defendant Citigroup Global Market Holdings, Inc. ("CGMHI"). Plaintiff first filed this suit on September 17, 2020. Plaintiff filed his Final Amended Complaint on December 29, 2020. ECF No. 22.

       On May 19, 2021, the Court established a two-track briefing schedule in this action whereby the parties were directed to first brief the issue of subject matter jurisdiction. *See* ECF Nos. 65, 80. On June 9, 2021, CGMHI moved to dismiss Plaintiff's final amended complaint under Federal Rule of Civil Procedure 12(b)(1) arguing the Court lacked subject matter jurisdiction.[1] *See* ECF No. 78. On January 13, 2022, the Court held that it lacked federal diversity jurisdiction and granted CGMHI's motion. ECF No. 96. Plaintiff then appealed the Court's order. *See* Notice of Appeal, ECF No. 99. On October 18, 2022, the Court of Appeals for the Second Circuit issued a summary order

---

[1] Pursuant to the two-track briefing protocol, a Rule 12(b)(6) motion was to be separately briefed only upon first establishing the Court's federal subject matter jurisdiction.

vacating the Court's order and remanding for further proceedings. *See Kirk v. Citigroup Global Markets Holdings Inc.*, No. 22-179 (2d Cir. Oct. 18, 2022), ECF No 100. The Second Circuit held that Plaintiff's amended complaint sufficiently invoked the federal securities law in order to confer federal question subject matter jurisdiction in this Court. *Id*.

Following the Second Circuit's summary order, Plaintiff filed a letter requesting this case be transferred to a different judge or alternatively requesting permission to file a motion requesting my recusal on October 19, 2022. ECF No. 101. On October 20, 2022, the Court directed Defendant to file a letter response to Plaintiff's request by October 28, 2022. ECF No. 102. CGMHI filed a letter opposing Plaintiff's request. ECF No. 103. The Court granted Plaintiff leave to file his Motion for Recusal and set a briefing schedule. ECF No. 104. Plaintiff filed the Motion on November 21, 2022 pursuant to 28 U.S.C. § 455 and 28 U.S.C. § 144. ECF No. 107. Defendant CGMHI filed its opposition on December 5, 2022 ("Opp."). ECF No. 108. Plaintiff filed his reply on December 14, 2022 ("Def.'s Reply"). ECF No. 109. The motion is deemed fully briefed. After careful consideration, Plaintiff's Motion for Recusal is **DENIED.**

## LEGAL STANDARD

28 U.S.C. § 455(a) provides that "[a]ny ... judge ... of the United States shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned." 28 U.S.C. § 455. 28 U.S.C. Section 455(b)(1) requires judges to disqualify themselves in circumstances where they have "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

Motions for recusal or disqualification under 28 U.S.C. § 455(a) or (b)(1) are subject to an "exceedingly high standard," *Bromfield v. Bronx Lebanon Special Care Ctr., Inc.*, No. 1:16-CV-

10047-ALC-SLC, 2021 WL 6055265, at *2 (S.D.N.Y. Nov. 30, 2021), and are "committed to the sound discretion of the district court." *Longi v. New York*, 363 F. App'x 57, 58 (2d Cir. 2010) (summary order) (citing *United States v. Morrison,* 153 F.3d 34, 48 (2d Cir. 1998)).

"[T]he substantive standard for recusal is whether a reasonable person, knowing all the facts, would conclude that the court's impartiality might reasonably be questioned." *Apple v. Jewish Hosp. and Medical Cntr.,* 829 F.2d 326, 333 (2d Cir. 1987). Recusal is warranted if "an objective, disinterested observer fully informed of the underlying facts ... [would] entertain significant doubt that justice would be done absent recusal." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks and citation omitted); *see also S.E.C. v. Razmilovic*, 738 F.3d 14, 29 (2d Cir. 2013) ("the question is whether an objective and disinterested observer, knowing and understanding all of the facts and circumstances, could reasonably question the court's impartiality."). In this analysis, "the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his presiding over their case." *In re Drexel Burnham Lambert, Inc.,* 861 F.2d 1307, 1312 (2d Cir. 1988).

Disqualification is not required with regards to interests that are "remote, contingent, indirect or speculative." *In re Aguinda,* 241 F.3d 194, 201 (2d Cir. 2001). Further, "where the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited." *Id.* As this Circuit has stated, "[a] judge is as much obliged not to recuse himself when it is not called for as he is obligated to when it is." *Id.* (quoting *In re Drexel Burnham Lambert, Inc.,* 861 F.2d at 1312).

3

Finally, as to Plaintiff's *pro se* status, it is "well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citation omitted); see *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (holding that a *pro se* party's pleadings must be liberally construed in his favor and are held to a less stringent standard than the pleadings drafted by lawyers). Nevertheless, a *pro se* plaintiff must comply with the relevant rules of procedural and substantive law. *Olle v. Columbia Univ.*, 332 F.Supp.2d 599, 607 (S.D.N.Y. 2004).

## DISCUSSION

As a preliminary matter, the Court finds that 28 U.S.C. § 144 does not apply here. Section 144 is inapplicable to *pro se* litigants because it requires a certification from counsel of record attesting to the good faith basis for the allegations as well as a sworn affidavit alleging bias.[2] *See Cooper v. Lapra*, No. 18-CIV-9405-KPF-OTW, 2021 WL 5140191, at *1 (S.D.N.Y. Nov. 4, 2021) ("As Petitioner is proceeding *pro se*, he may not bring an application pursuant to 28 U.S.C. § 144, because he is unable to satisfy the provision's threshold requirement that an application for recusal include a certificate of good faith from counsel of record"). However, 28 U.S.C. § 455 "provides an equally applicable means of protest for *pro se* litigants." *Williams v. New York City Hous. Auth.*, 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003). The Court will therefore discuss the Motion under Section 455.

The Court ascertains two categories of allegations raised by Plaintiff in support of his motion. Plaintiff alleges this Court is biased based on (1) the Court's prior orders and (2) allegations that I was recommended to the Southern District of New York by United States Senator Charles

---

[2] Plaintiff did not supply a sworn affidavit with the Motion.

Schumer of New York ("Senator Schumer"). *See* Mot. at 1-2; Def.'s Reply at 3. Plaintiff specifically points to the Court's prior orders (i) denying Plaintiff's application for pro bono counsel, *see* ECF Nos. 42, 65, (ii) explaining punitive damages were unavailable for purposes of invoking diversity jurisdiction, *see* ECF No. 96, and (iii) granting Defendant leave to file a motion for sanctions, *see* ECF No. 51. *See* Mot. at 1-2; Def.'s Reply at 3.

### I.   The Court's Prior Orders

The Second Circuit has made clear that "adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality." *Chen v. Chen Qualified Settlement Fund,* 552 F.3d 218, 227 (2d Cir. 2009); *accord In Re International Business Machines Corp.*, 618 F.2d 923, 929 (2d Cir. 1980). "'[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion' unless they 'show reliance upon an extrajudicial source' or 'display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Bromfield*, 2021 WL 6055265, at *1 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

Plaintiff has not shown that these prior rulings rely "upon an extrajudicial source" or that the Court has engaged in "favoritism or antagonism" at such a degree that would make "fair judgment impossible." *See Liteky*, 510 U.S. at 555. Therefore, these rulings do not demonstrate personal bias warranting my recusal.

The Court notes that although Plaintiff cites the prior order granting Defendant leave to file a motion for sanctions as exemplary of the Court's "erroneous favoritism," Def.'s Reply at 3, the Court ultimately denied Defendant's motion for sanctions. ECF No. 96. In any event, Plaintiff's disagreement or dissatisfaction with the Court's rulings is not enough to succeed. "Disagreement with a court's ruling is not grounds for recusal." *See Anthes v. New York Univ.*, No. 17CV2511

(ALC), 2018 WL 1115164, at *2 (S.D.N.Y. Feb. 28, 2018) (citing *Chen,* 552 F.3d at 227). An adversary system inherently has one side that wins and another that loses and "if losses compromised the appearance of justice, this system would grind to a halt." *Moore v. Publicis Groupe SA & MSL Grp.*, No. 11 CIV 1279 (ALC) (AJP), 2012 WL 12528637, at *2 (S.D.N.Y. Nov. 8, 2012) (quoting *United States v. Awadallah*, 436 F.3d 125, 137 (2d Cir.2006)). "If the Plaintiff is dissatisfied with the Court's rulings, he will have an opportunity to appeal those rulings . . . when there is a final decision in this case, but that dissatisfaction is not a sound basis for recusal." *Hooks v. City of New York*, No. 21-CV-10771 (JGK), 2022 WL 17669523, at *2 (S.D.N.Y. Dec. 14, 2022).

## II. Other Allegations

Plaintiff further alleges that the Court must recuse itself because I was recommended for a judicial appointment by Senator Schumer, "who lists his top contributors as securities attorneys and securities firms, with the Defendant Citigroup being his third largest contributor." Mot. at 2. Plaintiff appears to argue that a conflict of interest exists here and therefore I must recuse myself and transfer this action to a district court judge who "[was] not recommended for appointment by Senator Schumer." Mot. at 1. However, as explained previously, disqualification is not required with regards to interests that are "remote, contingent, indirect or speculative." *In re Aguinda,* 241 F.3d at 201. Plaintiff cannot rely on such an attenuated claim of bias to succeed on his Motion.

Plaintiff has failed to meet the applicable standard of demonstrating that an objective and disinterested observer, knowing and understanding all of the facts and circumstances, would reasonably question the Court's impartiality. Accordingly, Plaintiff's Motion is **DENIED**.

## CONCLUSION

The Plaintiff's Motion is **DENIED**. The Clerk of the Court is respectfully directed to terminate ECF No. 107. The parties are directed to file a joint status report with a proposed briefing schedule for Defendant's motion to dismiss pursuant to Rule 12(b)(6) on or by **January 20, 2023**.

**SO ORDERED.**

Dated:   January 12, 2023
         New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　**ANDREW L. CARTER, JR.**
　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**