USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 9/25/23

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **KIRK,** | |
| **Plaintiff,** | |
| -against- | **20-cv-07619 (ALC)** |
| **CITIGROUP GLOBAL MARKET HOLDINGS, INC.,** | **ORDER** |
| **Defendant.** | |

**ANDREW L. CARTER, JR., United States District Judge:**

Last week, the Court received notification that Plaintiff had filed a "petition for writ of mandamus" with the Court of Appeals for the Second Circuit. In his petition, Plaintiff appears to raise new grounds for recusal that were not addressed by this Court in its Order, dated January 12, 2023, denying Plaintiff's motion for recusal. *See* Order, ECF No. 110.

Defendant is hereby **ORDERED** to respond to the Plaintiff's arguments in his petition, including his arguments concerning recusal, on or by **September 27, 2023 at 5:00 PM Eastern Time.** The Court has attached a copy of the Plaintiff's petition to this Order.

**SO ORDERED.**

Dated: September 25, 2023
        New York, New York

                                                   **ANDREW L. CARTER, JR.**
                                                   United States District Judge

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

IN RE: David M. Kirk, plaintiff

V

Citigroup Global Markets Holdings Inc, defendant

Original Proceeding from the United States District Court for the Southern District of New York
Case No. 1:20-cv-07619

PETITION FOR WRIT OF MANDAMUS

RECEIVED 23 SEP 19 AM 10:29 CLERK'S OFFICE U.S. COURT OF APPEALS

David M. Kirk
mycommunityaddress@yahoo.com
873 Southern Creek Drive
Saint Johns, FL 32259
(904) 806-6937
*Petitioner*

# LIST OF INTERESTED PERSONS

The undersigned petitioner of record certifies that the following listed person(s) and entity(ies) as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

**Respondent:**

Honorable Andrew L. Carter, Jr., U.S. District Court for the Southern District of New York

**Defense Counsel for Defendant:**

Samuel J. Rubin
The New York Times Building
620 Eighth Avenue
New York, New York 10018
(212) 813-8800
srubin@goodwinlaw.com

## BACKGROUND

1) In the above district court case, Honorable Judge Carter issued Order 96 (and accompanying Judgement 97) granting Defendant's Motion to Dismiss in final paragraph "for lack of subject matter jurisdiction" because "Plaintiff's claims amount to "ordinary" fraud and are insufficient to support punitive damages. As such, Plaintiff fails to meet the amount-in-controversy requirement of Section 1332(a)." (page 3). This Order was overturned summarily on appeal (appeals case # 22-179, district court Doc 100).

## ISSUES PRESENTED – DELAY AND REPRESENTATION

2) Since then, Defense Counsel submitted another Motion to Dismiss for "failing to state a claim upon which relief can be granted" and Judge Carter on Jan 18, 2023 issued Order 113 scheduling briefs for said motion. All briefs were filed by Feb. 28, 2023 and Judge Carter has failed to render a decision – a clear violation of the right to speedy disposition of cases enshrined in Article III Section 16 of the US Constitution. **197 days** have passed and counting since Feb. 28, 2023 with no ruling – far too long and in violation of the Code of Conduct for United States Judges, Canon 3(A)(5) "A Judge should dispose promptly of the business of the court". In Michigan a "910 Report" must be filed after a matter is under advisement for more than 90 days. In Indiana, Trial Rules 53.1 and 53.2 "Failure to rule on motion", the trial court has 90 days to render its decision which can only be extended by the Indiana Supreme Court. In California, a judge's salary is stopped after 90 days until the judge rules. Even New York I've read has a 60-day time limit yet no penalty for failing to meet the limit – in the financial capital of the world home of the NYSE and many large financial entities including the Defendant, the largest bank in the world! Even allowing Defense Counsel to file such Motion to Dismiss is ludicrous because if I "failed to state a claim..." then this Honorable Appeals Court would

have said so and upheld the first Motion to Dismiss submitted by Defense Counsel.

3) I've repeatedly requested of judge Carter that he render judgement in this case more expeditiously starting as early as 9/1/21 Doc 90 "Request to Expedite" and Doc 119 "Judicial Complaint" addressed to Hon. Chief Judge Laura Swain in which in paragraph 5, I stated "Any potential award would now need to be increased by 18% for inflation devaluation", and that 18% figure is surely higher now and keeps growing. Though in his Order 110 denying my Motion for Recusal in part because my claim that judge Carter "was recommended for a judicial appointment by Senator Schumer, 'who lists his top contributors as securities attorneys and securities firms, with the Defendant Citigroup being his third largest contributor'" was "remote, contingent, indirect or speculative." Maybe so but taken in conjunction with the extreme delays and other rulings, judge Carter has shown nothing but total bias in favor of Defendant. Judge Carter's financial disclosures show for every year for which such disclosure was posted (2011-2019)[1], his investments including common and restricted stock and stock options in JP Morgan Chase, a co-defendant of Defendant Citigroup in a plethora of fraud cases.[2] Stock options return no dividends and their only potential return is a change in the price of the stock. Judge Carter buying stock and especially options in a company that has been a co-defendant in so many cases with the Citigroup Defendant in this case speaks volumes of conflict and poor judgement. Judge Carter also recused himself on a case because he said his wife used to work for JP Morgan[3]. Judge Carter never mentioned any of this in his Order 110 denying my Motion for Recusal.

4) Even if judge Carter's finances and "indirect" connection with Defendant per mentioned through Senator Schumer is ignored, 197 days is an egregious violation of Article III Section 16 and I respectfully submit that it be corrected by this Honorable Court. The second egregious violation is from the April 16, 2021 phone hearing (transcribed in Order 45) in which my Doc 33 Request for Pro Bono

attorney was denied, judge Carter citing that "the merits of the case have not yet been established". And now some 29 months later, I still must proceed without being placed in appointment for such pro bono attorney, long after this Honorable Court overturned Carter's dismissal. Not only has merit been established, but in my appeal, I submitted clear evidence that my case for representation is even stronger than that in *Gideon v. Wainwright 372 U.S. 335 (1963)* because it showed a denial of representation of clients with of any financial means as I submitted a copy of the email from the NYC bar stating they had no more securities attorneys to refer me to (and that my rejections were unrelated to case merit but simply because as a rule the attorneys only took cases against brokers for FINRA violations). Not only have I been denied representation, but even denied access to case files of related cases and even files of my own case (Doc 106, "Access to court files" docketed 11/10/22). I have repeated denial of access and representation in many docketed files since then including that I can't calculate an accurate multiple for punitive damages to equate to the $154 million fraud because I can't access the compensatory damages of the remaining related cases still open after a few cases were dismissed (some of the largest amounts, dismissed for lack of response by plaintiffs from exhaustion in most cases). The punitive damage multiple would need to be far higher than the single digit multiple precedent established in *State Farm Mutual Automobile Insurance Co. v. Campbell, 538 U.S. 408 (2003)* in order to even equal the $154 million defrauded so as not to leave the Defendant with any net ill-gotten gain and would therefore be a valid rare exception to the single digit multiple precedent.

## **CONCLUSION: REASONS FOR ISSUING THIS WRIT AND RELIEF SOUGHT**

5) Given the above facts, plaintiff respectfully asks this Honorable Court to intercede to bring this case in compliance with applicable Constitutional standards by considering the following actions:

 a) To dismiss the Defense Counsel Motion to Dismiss (Docs 114-116) or in lieu of this, to order judge Carter to rule on the Motion post haste.
 b) To declare me as the plaintiff eligible for pro bono representation and take all step(s) necessary to effectuate such appointment expeditiously. This would also alleviate my denial of access to court files as such attorney could access them for me.

[1] https://www.courtlistener.com/person/552/disclosure/32211/andrew-lamar-carter-jr/

[2] https://www.sec.gov/news/press/2003-87.htm
https://www.reuters.com/article/us-eu-antitrust-banks-idUSKCN1SM0XS
https://www.reuters.com/article/us-australia-banks-cartel-idUSKBN1XI03O
https://www.abc.net.au/news/2020-12-08/anz-citi-deutsche-to-stand-trial-on-criminal-cartel-charges/12961406

[3] https://finance.yahoo.com/news/u-judge-recuses-himself-archegos-205549667.html

Respectfully submitted this 13th day of September, 2013

/s/David M. Kirk
David M. Kirk
mycommunityaddress@yahoo.com
873 Southern Creek Drive
Saint Johns, FL 32259
(904) 806-6937

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

Kirk

v.

Citigroup Global Market

**CERTIFICATE OF SERVICE***

Docket Number: _____

RECEIVED
23 SEP 19 AM 10:28
CLERK'S OFFICE
U.S. COURT OF APPEALS

I, **David Kirk** (print name), hereby certify under penalty of perjury that on **9/13/2013** (date), I served a copy of **Writ of Mandamus**

(list all documents)

by (select all applicable)**

___ Personal Delivery    **X** United States Mail    ___ Federal Express or other Overnight Courier

___ Commercial Carrier    ___ E-Mail (on consent)

on the following parties:

| Name | Address | City | State | Zip Code |
|---|---|---|---|---|
| Samuel J. Rubin | The New York Times Bldg. 620 8th Avenue | NY | NY | 10018 |
| Hon. Andrew Carter | US District Court, 500 Pearl Street, Suite 8 | NY | NY | 10007 |
| | | | | |
| | | | | |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

9/13/2023
Today's Date

_David M. Kirk_
Signature

Certificate of Service Form (Last Revised 12/2015)

David Kirk
873 Southern Creek Drive
St Johns, FL 32259




Retail

U.S. POSTA
FCM LG EN
SAINT JOH
SEP 13, 20

10007

$6.66

RDC 99

R2304M114





9589 0710 5270 0306 5669 48

Second Circuit Court of Appeals
40 Foley Square, Suite 1
New York, NY 10007

JDM4LD
SDNY