```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED:  9/29/23
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**KIRK,**

                **Plaintiff,**

-against-

**CITIGROUP GLOBAL MARKET HOLDINGS, INC.,**

                **Defendant.**

**20-cv-07619 (ALC)**

**ORDER**

---

**ANDREW L. CARTER, JR., United States District Judge:**

      Last week, the Court received notification that Plaintiff had filed a "petition for writ of mandamus" with the Court of Appeals for the Second Circuit.[1] In his Mandamus Petition, Plaintiff appears to raise new grounds for recusal that were not addressed by this Court in its Order, dated January 12, 2023, denying Plaintiff's motion for recusal. *See* Order, ECF No. 110. "When confronted with any such allegations, the Court takes seriously its obligation to carefully weigh the policy of promoting public confidence in the Judiciary against the possibility that those questioning its impartiality might be seeking to avoid its presiding over their cases." *United States v. Hammond,* No. 12 CRIM. 185 LAP, 2013 WL 637007, at *5 (S.D.N.Y. Feb. 21, 2013). Accordingly, on September 25, 2023, the Court ordered Defendant to respond to the Plaintiff's arguments in his Mandamus Petition, including his arguments concerning recusal. Defendant filed its response on September 27, 2023. *See* Resp., ECF No. 121.

      The Court hereby construes Plaintiff's arguments in his Mandamus Petition as a renewed motion for recusal. 28 U.S.C. § 455(a) provides that "[a]ny . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might be reasonably

---

[1] *See* Mandamus Petition, *In Re, David M. Kirk* v. *Citigroup Global Markets Holdings Inc.*, No. 23-1290 (2d Cir. Sept. 13, 2023).

questioned." 28 U.S.C. § 455. 28 U.S.C. Section 455(b)(1) requires judges to disqualify themselves in circumstances where they have "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Motions for recusal or disqualification under 28 U.S.C. § 455(a) or (b)(1) are subject to an "exceedingly high standard," *Bromfield v. Bronx Lebanon Special Care Ctr., Inc.*, No. 1:16-CV-10047-ALC-SLC, 2021 WL 6055265, at *2 (S.D.N.Y. Nov. 30, 2021), and are "committed to the sound discretion of the district court." *Longi v. New York*, 363 F. App'x 57, 58 (2d Cir. 2010) (summary order) (citing *United States v. Morrison,* 153 F.3d 34, 48 (2d Cir. 1998)).

"[T]he substantive standard for recusal is whether a reasonable person, knowing all the facts, would conclude that the court's impartiality might reasonably be questioned." *Apple v. Jewish Hosp. and Medical Cntr.,* 829 F.2d 326, 333 (2d Cir. 1987). Recusal is warranted if "an objective, disinterested observer fully informed of the underlying facts . . . [would] entertain significant doubt that justice would be done absent recusal." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks and citation omitted). Additionally, and relevant to Plaintiff's new arguments, a "judge shall disqualify herself when she knows that she, 'individually or as a fiduciary, or [her] spouse . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding.'" *Hammond,* 2013 WL 637007, at *5 (quoting 28 U.S.C. § 455(b)(4)). "Similarly, recusal is also required where a judge or her spouse '[is] known by the judge to have an interest that could be substantially affected by the outcome of the proceeding.'" *Id*. (quoting 28 U.S.C. § 455(b)(5)(iii)).

Plaintiff's new claims of judicial bias are based on two allegations that: (1) the Court has delayed in resolving Defendant's motion to dismiss; and (2) I own stock in JPMorgan Chase Bank

2

("JPMorgan") and previously I have recused myself from JPMorgan related litigation due to my spouse's prior employment at JPMorgan. *See* Mandamus Petition, ¶¶ 2-4.

First, Plaintiff's belief that there has been in a delay in this matter fails to establish grounds for recusal. "Delays in entering judgment or rendering a decision are not bases for recusal." *Qualls v. United States*, No. 07-CR-14 (DLI), 2018 WL 1513625, at *2 (E.D.N.Y. Mar. 27, 2018); *see, e.g.*, *United States v. LaMorte*, 940 F. Supp. 572, 577 (S.D.N.Y. 1996), *aff'd sub nom. United States v. Moritz*, 112 F.3d 506 (2d Cir. 1997) (rejecting a recusal motion where defendant "cited no authority to support his claim that a court's [nearly forty-five month] delayed resolution of a Rule 35(b) motion is grounds for recusal" and the Court states its "own research reveals none"); *Saleh v. Pastore*, No. 19 CIV. 11799 (KPF), 2021 WL 1177533, at *5 (S.D.N.Y. Mar. 28, 2021) ("a number of courts in this Circuit have rejected arguments for recusal predicated upon delays in entering judgment.") (collecting cases).

Second, my ownership of JPMorgan stock and prior recusal in an unrelated case based on my spouse's employment with JPMorgan cannot support recusal because JPMorgan is not a party to this action and Plaintiff does not allege I (or my spouse) have a "financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of this proceeding." 28 U.S.C. § 455(b)(4). As demonstrated by my prior recusal in Plaintiff's cited case, if JPMorgan was a party to this case or if there was a non-speculative possibility that JPMorgan was implicated in this matter, I would have recused myself long ago. Plaintiff fails to connect JPMorgan to this case except to argue it has been a co-defendant with CGMHI in prior unrelated litigation. Mandamus Petition ¶ 3. Plaintiff's argument has no merit.  Disqualification is not required with regards to interests that are "remote, contingent,

indirect or *speculative*." *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001) (emphasis added). Therefore, any renewed request for this Court's recusal is **DENIED.**

In his Mandamus Petition, Plaintiff also points to his prior arguments that were addressed in my ruling on Plaintiff's motion for recusal.[2] *See* Order, ECF No. 110. Insofar Plaintiff requests this Court to reconsider its prior ruling, that request is **DENIED.** Local Rule 6.3 provides the standard for a motion for reconsideration. This District has repeatedly stated that this rule "should be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Word v. Croce*, No. 00 Civ. 6496(SAS), 2001 WL 755394, at *3 (S.D.N.Y. July 5, 2001) (internal quotation marks omitted). To be successful on a motion for reconsideration, the movant must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) ("A motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."). Here, Plaintiff fails to meet the high bar of a motion to reconsider. Plaintiff does not point to any change in controlling law, availability of new evidence, or the need to correct a clear error.

## CONCLUSION

Plaintiff's request for my recusal is **DENIED.**

---

[2] For example, Plaintiff realleges that the Court is biased because of (i) the Court's prior rulings in this action (*see* Mandamus Petition, ¶¶ 1, 4); (ii) my recommendation for appointment by Senator Charles Schumer (*id*. ¶¶ 3-4); (iii) the Court's denial of Plaintiff's prior applications for *pro bono* counsel (*id*. ¶ 4); and (iv) the Court's rejection of Plaintiff's assertion that punitive damages were available on the basis of the claims asserted in this action (*id*. ¶ 1)

**SO ORDERED.**

Dated:    **September 29, 2023**
            **New York, New York**

                                          **ANDREW L. CARTER, JR.**
                                          **United States District Judge**