USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 12/28/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIRK,<br><br>                Plaintiff,<br><br>-against-<br><br>CITIGROUP GLOBAL MARKET HOLDINGS,<br><br>                Defendant. | 20-cv-07619 (ALC)<br><br>**OPINION & ORDER** |

**ANDREW L. CARTER, United States District Judge:**

      Pending before the Court is Defendant's motion to dismiss Plaintiff's Fourth Amended Complaint pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. For the following reasons, Defendant's motion is **GRANTED** with prejudice.

      The Court incorporates herein the factual and procedural background presented in the September 29, 2023 Order granting Defendant's prior motion to dismiss and references here only those relevant facts which have arisen since the prior dismissal. *See* ECF No. 123. Upon request, Plaintiff amended his Complaint on October 26, 2023. The Complaint raises the same claims as previously lodged against Defendant—namely that Defendant violated Sections 11 and 12(a)(2) of the Securities Act and Section 10(b) of the Exchange Act, and common law fraud under New York state law. The only functional change made in the most recent Complaint is the allegation that the Defendant undertook "four additional days of fraud." Whereas the Third Amended Complaint stated only that the Velocity Shares 3x Long Crude Oil ETNs liked to the S&P GSCI Crude Oil Index ER New ("ETNs") failed to maintain an inverse relationship on March 19, 2020, Plaintiff now includes the allegation that this stock behavior persisted for four additional days—March 23, 2020, March 23, 2020, March 31, 2020, and April 2, 2020—and

argues that the marked statistical improbability of such fluctuations occurring absent fraudulent conduct is evidence of the Defendant's unlawful conduct.  *See, e.g.,* ECF No. 151 at ¶ 7; ECF No. 48.

Taken as true, Plaintiff's reference to four additional days of ETN valuation mistracking is insufficient to create a cognizable claim under the relevant statutes.  As before, the Fourth Amended Complaint does not raise any instance in which the Defendant "represente[ed] that the value of the ETNs would faithfully track three times the Index on a daily basis for the duration of an ETN holder's investment."  ECF No. 123 at 12 (citing *Thomas v. CGMHI.*, No. 21-cv-3673 (VEC) (DF), 2022 WL 1051158, at *14 (S.D.N.Y. Mar. 1, 2022), *report and recommendation adopted as modified*, No. 21-CV-3673 (VEC), 2022 WL 951112 (S.D.N.Y. Mar. 30, 2022).  Additionally, the most recent Complaint does not unseat the decision of this Court and others in this District that "the Pricing Supplement warn[ed] investors of the particular and heightened risks associated with investing in the ETNs."  *Id.* at 11; *see also id.* at 11-13 (collecting comparable decisions).

Because the Fourth Amended Complaint has not identified a fraudulent statement or material misstatement or omission, it must be dismissed for the same reasons as raised in this Court's September 29, 2023 Opinion.  *See* ECF No. 123.

Additionally, as before, there is no basis for an exercise of diversity jurisdiction over Plaintiff's common law fraud claim.  The Fourth Amended Complaint now seeks $52,440 in compensatory damages.  Even assuming *arguendo* that Plaintiff's independent addition of an inflation offset to the damages calculation was permissible, this is still well below the $75,000 statutory requirement for diversity jurisdiction.  ECF No. 151 at ¶ 9.  Additionally, Plaintiff also seeks $374.4 million in punitive damages which constitutes double the amount that Plaintiff

claims Defendant received as a windfall from not only Plaintiff, but all similarly situated investors for their conduct inclusive of an inflationary offset.  ECF No. 151 at ¶ 11.  As this Court has stated previously, Plaintiff's plea for punitive damages fail because "[n]one of Plaintiff's contentions regarding Defendant's actions amount to either moral indifference or criminal indifference to civil obligations."  ECF No. 123 at 16.  The Fourth Amended Complaint includes no claims which amount to anything greater than "ordinary" fraud that could support such a punitive damages award.  *Id.* (citing *Kruglov v. Copart of Connecticut, Inc.*, 771 F. App'x 117, 120 (2d Cir. 2019) (summary order)).  Additionally, Plaintiff requests punitive damages here in excess of 7,000 times compensatory damages, which does not stand under the *State Farm Mut. Auto. Ins. Co. v. Campbell*.  538 U.S. 408 (2003) (finding a punitive damages multiplier of 145 violated due process); *see also id.* at 425 (stating that higher-than-single-digit punitive damages multipliers "may comport with due process [unlike here] where a particularly egregious act has resulted in only a small amount of economic damages") (internal quotation omitted).  Therefore, Plaintiff has again failed to meet the amount-in-controversy requirement of Section 1332(a).[1]

Additionally, even if the Court had subject-matter jurisdiction to hear Plaintiff's state law claim, the Fourth Amended Complaint does not raise a cognizable claim under the state law.  Because "the elements of claims for federal securities fraud and New York common law fraud are identical" and because Plaintiff has failed to cure the deficiencies in the Complaint by pleading that Defendant made a false or fraudulent statement, the state law claim must once

---

[1] As previously, the Court again declines to exercise supplemental jurisdiction over the state law claim as neither Party has asked this Court to do so and because "all claims over which [the Court] has original jurisdiction" have been dismissed.  28 U.S.C.§ 1367(c)(3).

again fail. *Newman v. Fam. Mgmt. Corp.*, 530 F. App'x 21, 24 (2d Cir. 2013) (summary order); *see also* ECF No. 123 at 18.

  Whereas the Court was previously unsure whether Plaintiff's acquisition of certain documents filed in this and related cases could cure the pleading deficiencies, no such confusion remains. Plaintiff filed the Fourth Amended Complaint with full benefit of all the documents which he previously requested of the Court and there remains no cognizable legal claim in this case. Therefore, because it appears that further amendment of the Complaint would be futile, Defendant's motion to dismiss is **GRANTED with prejudice**. The Clerk of the Court is respectfully directed to terminate this case.

**SO ORDERED.**
Dated:  **December 28, 2023**
    **New York, New York**

              **ANDREW L. CARTER, JR.**
              **United States District Judge**